1  KAREN A. OVERSTREET
   Chief Bankruptcy Judge
2  United States Courthouse
   700 Stewart St., Suite 6310
3  Seattle, WA  98101
   206-370-5330
4

5
          IN THE BANKRUPTCY COURT OF THE UNITED STATES FOR
6                THE WESTERN DISTRICT OF WASHINGTON
                            AT SEATTLE
7`

8
   In re                          Chapter 7
9
   BARRY HAMMER and ABLE MORTGAGE
10 & INVESTMENTS, INC.,
                                  Case No. 04-22244
11
            Debtors.
12 ────────────────────────────
   PETER ARKISON, solely in his
13 capacity as Chapter 7 Trustee of
   the estate of Barry Hammer and
14 Able Mortgage & Investments,
   Inc.,
15            Plaintiffs,          Adversary No. 06-1392

16 vs.

17 RODNEY DUNCAN AND JANE DOE      **MEMORANDUM DECISION**
   DUNCAN, husband and wife and the
18 marital community composed       **NOT FOR PUBLICATION**
   thereof,
19
            Defendants.
20 ────────────────────────────

21      The Defendants' Motion for Summary Judgment came on before

22 the Court for argument on April 6, 2007.  The Court took oral

23 argument from counsel for the parties.  During oral argument it

24 became clear that the parties disagreed as to how to interpret

25 the applicable statute of limitations.  Specifically, the

26 Trustee argued that the Washington fraudulent conveyance

   Memorandum Decision - 1

statute, RCW 19.40.041(a)(1), made applicable under 11 U.S.C. §544(b), allowed the Trustee to recover transfers occurring within the four years prior to the date of the bankruptcy petition.  Defendants contend that the Trustee can only recover transfers made during the four years prior to the filing of this adversary proceeding.  Because neither party had briefed this issue before the hearing, the Court requested additional briefing and took the matter under advisement.  The additional briefing has now been submitted and reviewed.

**Factual Background**

The material underlying facts are not disputed by the parties.  From June 1991 through August 1999, the defendants, Rodney and Jane Doe Duncan, invested the total amount of $62,784.32 into Able Mortgage & Investments, Inc., with the assistance of Mr. Barry Hammer, the debtor herein.  The investment was made through a series of five separate transactions, each documented by a promissory note.  From July 22, 1991 through August 23, 2004, the Duncans received over one hundred interest payments totaling $90,537.32 -- $27,752.32 more than their initial investment.  Mr. Hammer filed for relief under Chapter 7 on September 17, 2004.  The Trustee filed this complaint on September 17, 2006 seeking to recover the "false profits" received by the defendants as preferential or fraudulent transfers under Bankruptcy Code sections 544, 547 and 548 and Washington's Uniform Fraudulent Transfer Act, RCW 19.40.

Memorandum Decision - 2

**Analysis**

Section 544(b) gives a trustee the status of a hypothetical lien creditor to avoid a transfer of the debtor's interest that would be voidable under applicable state law. In this case, the Trustee was required to bring his section 544(b)avoidance action by no later than two years after the entry of the order for relief. 11 U.S.C. §546(a). The Trustee's adversary proceeding is timely.

The applicable state law relied upon by the Trustee under section 544(b) is the Washington state fraudulent conveyance statute, RCW 19.40.091, which states:

> A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought: (a) Under RCW 19.40.041(a)(1) within four years after the transfer was made or the obligation was incurred... .

The issue of law for the purpose of this summary judgment motion is whether the four-year look back under RCW 19.40.091 should run from the time of the filing of the adversary proceeding, allowing the Trustee to recover payments made to the Duncans on or after September 17, 2002, or whether the date of the petition controls, allowing recovery of payments made to the Duncans on or after September 17, 2000. For the reasons set forth below, the Court finds that payments made on or after September 17, 2000 may be avoided in this case.

The issue presented here is complex and appears to be a matter of first impression. The Trustee contends that section

Memorandum Decision - 3

108(a) governs and allows him to recover payments made on or before September 17, 2000.  However, section 108(a), by its plain language, applies only to extend a statue of limitations on a cause of action that belongs to the debtor.  *In re Radcliffe's Warehouse Sales, Inc*., 31 B.R. 827, 832 (Bankr. W.D Wash. 1983)(J. Skidmore).  Because the cause of action asserted here under section 544(b) may only be asserted by the trustee, section 108(a) does not apply.

Section 546(a) limits the time in which a trustee can assert an avoidance action, including an avoidance action under section 544(b).  Although a trustee's claim may arise under a state fraudulent conveyance statute, as in the instant case, the trustee's standing to assert that claim only arises by virtue of section 544(b) on the petition date.  When the petition is filed, the trustee is authorized to evaluate potential fraudulent transfers and, within the limits of section 546(a), bring a cause of action for avoidance.  *See Mahoney, Trocki & Associates, Inc*. *v. Kunzman*, 111 B.R. 914 (Bankr. S.D. Cal., 1990).  In other words, the number of transfer that are potentially avoidable does not change depending on when the trustee initiates a recovery action; the potentially avoidable transfers are determined as of the petition date.

The interpretation of the statute of limitations in this manner is true to the plain language and interaction of the relevant bankruptcy statutes.  It also promotes certainty for

Memorandum Decision - 4

all parties when addressing situations involving multiple transfers. Recipients of the transfers know what transfers are at risk as of the filing of the petition. Similarly, the trustee has the benefit of the entire limitations period in which to investigate the transfers at issue.

The Trustee herein has the authority under RCW 19.40.41 and 544(b) to recover transfers made within four years of the date of the bankruptcy petition, i.e., transfers made on or before September 17, 2000. The defendants are entitled to summary judgment as to transfers that occurred prior to September 17, 2000. If, after reviewing this Memorandum Decision, the parties are unable to resolve by agreement the amount of "false profits" received by the defendants, another summary judgment motion should be filed regarding that issue.

DATED this 18th day of May, 2007.

_____Karen A. Overstreet_____
KAREN A. OVERSTREET
United States Bankruptcy Judge

Memorandum Decision - 5

1
2
3
4
5
6
7`
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Memorandum Decision - 6